AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District for the of New York

Fr.? Perkins, as Chapter-7 Trustee of the Bankruptcy Estate of Jae Jung Park

Plaintiff

v.

American Transit Insurance Company, Norman Volk and Associates, Baker McEvoy, Morrissey & Moskovits, PC and Russo, Keane & Toner LLP

Defendant

JUDGE McMAHON

10 CV 5655

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

American Transit Insurance Co
330 W 34th Street #10 Floor
NY, NY 10001

Norman Volk + Associates
333 W 33rd Street
NY, NY 10001

Baker-McEvoy, Morrissey & Moskovits, PC
330 W 34th St, 7th flr
NY, NY 10001

Russo, Keane + Toner LLP
33 Whitehall St.
NY, NY 10004

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Robert Kaminski, PLLC
350 5th Avenue #2310
New York, New York 10118

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: JUL 26 2010

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                                  _____
                                                         *Server's signature*

                                                      _____
                                                         *Printed name and title*

                                                      _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE McMAHON

----------------------------------------X
ERIC PERKINS, AS CHAPTER 7 TRUSTEE OF
THE ESTATE BANKRUPTCY OF JAE JUNG
PARK,

10 CV 5655

              Plaintiff,

-against-

AMERICAN TRANSIT INSURANCE COMPANY,
NORMAN VOLK & ASSOCIATES, P.C., BAKER,
MCEVOY, MORRISSEY & MOSKOVITS, P.C.,
and RUSSO, KEANE & TONER, LLP.

              Defendants.
----------------------------------------X

**COMPLAINT**

Jury Trial Demanded



Plaintiff, through counsel, The Law Offices of Robert Kaminski, PLLC, complaining of the above-named Defendants, respectfully alleges the following.

## I. INTRODUCTION

This is a diversity action for damages in relation to Plaintiff's claims of negligence/legal malpractice and breach of duty to act in good faith related to their representation of JAE JUNG PARK.

## II. PARTIES

1. At all times hereinafter mentioned, Eric Perkins is the Court Appointed Trustee to the Estate of JUNG JAE PARK, by Order of the United States Bankruptcy Court for the District of New Jersey.

2. That at all the times relevant hereto, JAE JUNG PARK (referred to herein interchangeably as "plaintiff" or

"PARK") was and is a resident of the County, City and State of New Jersey.

3. That at all times mentioned herein Defendant AMERICAN TRANSIT INSURANCE COMPANY (hereafter "AMERICAN TRANSIT") was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and is qualified to engage in the insurance business in the State of New York.

4. That at all times mentioned herein Defendant Norman Volk & Associates, PC (hereafter "NORMAN VOLK") was and still is a law firm and a domestic professional corporation organized and existing under and by virtue of the laws of the State of New York. Their principal place of business is located at 275 7TH AVE, NEW YORK, NEW YORK, 10001

5. That at all times mentioned herein Defendant RUSSO, KEANE & TONER, LLP. (RTK) was and still is a law firm and a domestic professional corporation organized and existing under and by virtue of the laws of the State of New York. Their principal place of business is located at 33 Whitehall St., New York, NY 10004.

6. That at all times mentioned herein Defendant BAKER, MCEVOY, MORRISSEY & MOSKOVITS, P.C., (hereafter "BAKER, MCEVOY") was and still is a law firm and a domestic professional corporation organized and existing under and by virtue of the laws of the State of New York. Their principal place of

business is located at 330 West 34th Street 7Th Fl New York, NY 10001.

7. By Order of the Honorable Rosemary Gambardella, U.S.B.J, of the United States Bankruptcy Court for the District of New Jersey, the Law Office of Robert Kaminski, P.L.L.C, was appointed Special Counsel for the plaintiff.

### III. JURISDICTION AND VENUE

8. Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. §1332, in that: the Estate of Plaintiff is deemed to be a citizen of the State of New Jersey; Defendants, upon information and belief are not citizens of the State of New Jersey and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

9. Venue is based on 28 U.S.C. §1391(a) given that a substantial part of the events giving rise to the claim occurred within this Jurisdictional District.

## VI. STATEMENT OF FACTS-THE UNDERLYING ACTION

10. That at all times mentioned herein the Defendant AMERICAN TRANSIT INSURANCE COMPANY was and still is duly authorized to execute and deliver contracts of insurance covering liability arising out of the negligent ownership and/or operation of automobiles.

11. That at all times mentioned herein the Defendant AMERICAN TRANSIT INSURANCE COMPANY was and still is duly authorized to execute and deliver contracts of excess insurance covering liability arising out of the negligent ownership and/or operation of automobiles.

12. That, upon information and belief, the Defendant AMERICAN TRANSIT INSURANCE COMPANY, for value, prior to the occurrence of the accident hereinafter referred to, insured one JUNG JAE PARK (hereafter "PARK"), and issued and delivered to him a policy of automobile insurance covering liability (American Insurance Policy #BY35RW-A105213) arising out of the negligent ownership and/or operation of a certain automobile of PARK, bearing license plate registration number T288525C for the year 2001.

13. That at all times mentioned herein said policy of insurance, mentioned in paragraph #12, with the AMERICAN TRANSIT INSURRNCE COMPANY, was in full force and effect on September 30, 2001.

14.     That, upon information and belief that by the terms of said policy of insurance, mentioned in paragraph #12 and by the statutes, laws, and/or insurance, regulations and/or otherwise of the State of New York, and, if applicable, any other sister or foreign state, said insurance company, AMERICAN TRANSIT INSURANCE COMPANY, agreed to pay directly to the Plaintiffs, and each of them herein, all monies for damages caused by the negligent operation and use of the automobile of PARK as owned and operated it, or its agents, servants, and/or employees, or any person operating same with its knowledge, consent and permission, such liability for damages, however, not to exceed the sum specified in said policy plus all applicable judgment costs and/or all other applicable costs, plus interest as required by law.

15.     That, upon information and belief, the policy of insurance with the AMERICAN TRANSIT INSURANCE COMPANY, mentioned in paragraph #12 and/or by operation of law, contained the specific provision that any person or his legal representative who has secured judgment against the insured and/or driver for damages resulting on account of the operation of the vehicle during the period covered by such policy, shall thereafter be entitled to recover under the terms of the policy and to the same extent as the insured and as against the insured.

16. That on the 30th day of September, 2001, at or about 2:20 p.m., while said policy of insurance of the AMERICAN TRANSIT INSURANCE COMPANY mentioned in paragraph#12 was in full force and effect, that on York Ave at the intersection of East 63rd Street in the County, City, and State of New York, the Edwin and Maria Moreira were severely and permanently injured by the negligence of PARK as the owner and operator of the vehicle in question, said negligence having caused, on a public highway in the State of New York, a collision between two vehicles, one of those vehicles being operated by EDWIN MOREIRA and occupied by MARIA MOREIRA and the other being the aforesaid vehicle owned and operated by PARK, who struck the MOREIRA's vehicle from behind and causing them to sustain injuries and medical and other related expenses all as a result of the negligence of PARK, who was covered under said policy, arising out of the use of said vehicle covered in said policy.

17. That as a result of the aforesaid accident, on or about the 7th day of May 2002, EDWIN MOREIRA and MARIA MOREIRA commenced an action against PARK, Index No. 18871/02, in the Supreme Court of the State of New York, County of Bronx (hereafter "UNDERLYING LAWSUIT"), to recover damages for bodily injuries, and other damages sustained by the Plaintiffs and medical and hospital expenses necessarily incurred, and other damages sustained by Plaintiffs.

18. That an Order dated April 14, 2005 was issued granting summary judgment in favor of the EDWIN MOREIRA and MARIA MOREIRA on the issue of liability and denying PARK's cross motion for summary judgment on the issue of whether plaintiffs sustained serious injuries under the Insurance Law was duly entered in the office of the clerk on April 26, 2005.

19. That on or about October 18, 2005, above was tried in the Supreme Court of the State of New York, County of Bronx, before the Honorable Sallie Manzanet, with a jury, and the Court having rendered a verdict in favor of the plaintiffs.

20. That on or about October 18, 2005, the jury unanimously found that both Edwin and Maria Moreira sustained a "permanent consequential limitation" of a body organ or member.

21. On April 23, 2003, prior to the trial of the underlying action, Dr. Andrew Ivanson examined both Edwin and Maria Moreira on April 23, 2003. However, At no point during the trial, did the defendants call Dr. Andrew Ivanson (who examined both Edwin and Maria Moreira on April 23, 2003) as an expert witness to rebut claims that Edwin and Maria Moreira sustained "permanent consequential limitation" of a body organ or member.

22. That a Judgment was entered on September 8, 2006, by the Honorable Sallie Manzanet of that Court, in favor of the

Plaintiffs and against PARK in that action for the sum of FIVE HUNDRED AND FORTY THOUSAND, SIX HUNDRED AND SIXTY-SEVEN DOLLARS AND FIFTY CENTS ($540,667.50) for plaintiff MARIA MOREIRA and for the sum of FOUR HUNDRED AND THREE THOUSAND, SIX HUNDRED AND SIXTY SEVEN DOLLARS AND FIFTY CENTS ($433,667.50) for plaintiff EDWIN MOREIRA.

23.  That on September 15, 2006, a copy of the final Judgment with Notice of Entry was served upon AMERICAN TRANSIT INSURANCE COMPANY; NORMAN VOLK & ASSOCIATES, P.C.; and Russo, Keane & Toner, LLP..

24.  Defendants filed a Notice of Appeal October 13, 2006 on the grounds that the verdict was excessive and that the judgment was not sufficiently reduced by the trial court judge.  The Appeal was dismissed on April 8, 2008 based on failure to prosecute.

25.  Judgment Creditors MARIA MOREIRA and EDWIN MOREIRA, who are married, are owed, $944,355.00 minus $255,250.00, which has been paid by Defendant American Transit, leaving a balance due of $689,105.00 plus post-judgment interest from September 18, 2006 plus costs associated with enforcing the judgment.

26.  As a result of the foregoing, Park filed for bankruptcy United States Bankruptcy Court for the District of New Jersey on or about April 2010.

## AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANT AMERICAN TRANSIT FOR BREACH OF CONTRACT/DUTY TO MAKE REASONABLE EFFORTS AT SETTLEMENT

27. That plaintiff incorporates by reference paragraphs 1 though 26.

28. On October 5, 2005, before trial began in the matter of Moreira v. Park, trial attorney for Judgment Creditors MARIA MOREIRA and EDWIN MOREIRA sent a certified letter to a claims representative of defendant American Transit offering to settle the matter within the policy limits. However, defendants never made any offer of settlement prior to the jury verdict on October 18, 2005.

29. That based upon the foregoing, the liability aspects of the case were clearly established prior to October 5, 2005 and that all medical information necessary for the defendant to evaluate this claim was available and in the possession of the defendants by October 5, 2005.

30. That upon information and belief, the said insured duly paid to the defendant all payments due upon the policy of insurance herein sued upon and all conditions incumbent upon said insured thereafter were in fact duly met and performed by the said insured.

31. That the defendants have never denied that the liability imposed upon PARK in the underlying action was

insured against under the terms of said policy, and that such liability was in fact insured against.

32. That liability was prospectively conclusive in the original case in that the defendant insurer acted in "bad faith" in subordinating the interest of their insured.

33. That the defendants neglected the underlying personal injury lawsuit in "bad faith".

34. That the defendants neglected to make a reasonable offer of settlement in the underlying personal injury lawsuit in "bad faith".

35. That by reason of the foregoing, PARK became liable to the EDWIN AND MARIA MOREIRA for such part of any final judgment resulting from said underlying action equal to and greater than the limits of said policy plus interest due and payable on the full amount of said judgment.

36. That by reason of the foregoing, defendants became liable to the plaintiff for such part of said judgment equal to and greater than the limits of said policy plus interest due and payable on the full amount of said judgment.

37. That defendants are estopped from arguing the merits of any defense of "serious injury/threshold" pursuant to the Insurance Law 5102 as they did not present any competent expert testimony from a clinician at trial to support this defense.

38. That defendants are estopped from arguing that the verdict in the underlying action was excessive as they did not perfect an appeal of the verdict or of the adequacy of the trial court's decision reducing the verdict.

### AS AND FOR A CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

39. That plaintiff incorporates by reference paragraphs 1 through 38.

40. That, under the insurance agreement and retainer agreement, defendants were employed as the agents of the plaintiff.

41. That, as his agents, defendants had a fiduciary duty to the plaintiff to use due care and diligence in defending him in the underlying action.

42. That defendants did not exercise due care and diligence in defending him in the underlying action.

43. That solely by reason of the foregoing breach of fiduciary duty, plaintiff has been caused to be damaged.

## AS AND FOR A CAUSE OF ACTION FOR LEGAL MALPRACTICE

44. That plaintiff incorporates by reference paragraphs 1 through 43.

45. That Park and the defendants NORMAN VOLK & ASSOCIATES, P.C., BAKER, MCEVOY, MORRISSEY & MOSKOVITS, P.C., and RUSSO, KEANE & TONER, LLP. entered into an attorney client relationship for purposes of defending Park in the underlying action.

46. That defendants NORMAN VOLK & ASSOCIATES, P.C., BAKER, MCEVOY, MORRISSEY & MOSKOVITS, P.C., and RUSSO, KEANE & TONER, LLP. continuously represented Park in the defense of the underlying action for a period of time up to and including April 8, 2008 and for a period of time thereafter so as to toll any acts/omission constituting malpractice committed by defendants prior to April 8, 2008.

47. That, during the trial of the underlying action, defendants failed to present any competent expert evidence by an expert clinician to support a defense based on "serious injury/threshold" pursuant to the Insurance Law 5102.

48. That defendants are estopped from disputing the merits of defense based "serious injury/threshold" pursuant to the Insurance Law 5102 as they failed to make a reasonable effort at settling the underlying action.

49. That in violation of their duty to the plaintiff, defendants NORMAN VOLK & ASSOCIATES, P.C., BAKER, MCEVOY, MORRISSEY & MOSKOVITS, P.C., and RUSSO, KEANE & TONER, LLP. negligently, carelessly, and unskillfully failed to perfect the appeal of the judgment against PARK and, consequently, the appeal was dismissed.

50. That the dismissal of appeal in THE UNDERLYING ACTION, and the results and consequences thereon, were caused by the recklessness, carelessness, negligence and legal malpractice of the defendants, and each of them, their agents, servants, licensees and/or employees:

51. That during the time of defendants' employment as plaintiff's attorneys, the deadline for perfecting the appeal expired.

52. That defendants are estopped from challenging the merits of the plaintiff's appeal because failed to make a reasonable effort at settling the underlying action.

53. That, in the event that defendants are not estopped from challenging the merits of the plaintiff's defenses in the underlying action, under the doctrine of spoliation of evidence, defendants shall not be allowed to rely upon the absence or unavailability of evidence because any absence or unavailability of evidence in the plaintiff's underlying claim is attributable to the defendants' actions and/or omissions.

54. That the conduct of the defendants, and each of them, was wilful, wanton, reckless and evinced callous disregard for the rights of the plaintiff so as to warrant an assessment of punitive damages.

55. That, as a result of the foregoing, the plaintiff has suffered damages.

56. That, but for the afore-described acts and omissions by the defendants, the underlying matter would have resolved within the coverage limits of the afore-described insurance policy.

57. That defendants, and each of them, shall be answerable in damages as to the full amount of any judgment without regard to the apportionment of liability, as this matter falls under one or more of the exceptions as contained in Section 1602 of Article 16 of the Civil Practice Laws and Rules.

### DEMAND FOR JUDGMENT

**WHEREFORE**, the plaintiff prays that this court:

1.  find that the defendants have committed legal malpractice, breach of contract, breach of fiduciary duty, all in violation of the plaintiff's rights;

2.  award plaintiff damages for the balance of the judgment in the underlying action- $689,105.00 (still due and owing) plus post-judgment interest from September 18, 2006 (amounting to $927,667.49 as of July 23, 2010) plus costs associated with enforcing the judgment; plus costs associated with Park's bankruptcy;

3.  award plaintiff punitive damages;

4.  award plaintiff's costs and attorney fees as allowed under Federal Rule of Civil Procedure 54;

5.  grant plaintiff such other relief as is just.

Dated:  New York, New York
July 23, 2010

Yours, etc,

Robert Kaminski, PLLC.
*Attorney(s) for Plaintiff(s)*
350 Fifth Avenue, #2310
New York, New York 10118
Tel. No.: (212) 355-5886

To:

**AMERICAN TRANSIT INSURANCE COMPANY**
330 W 34th Street Floor 10
New York, NY 10001-2420 map
Phone: (212) 857-8200
Website: www.american-transit

Russo, Keane & Toner, LLP.
33 Whitehall St
New York, NY 10004
       (212) 482-0001
Fax:   (212) 482-0002

NORMAN VOLK & ASSOCIATES, P.C.
**NORMAN VOLK & ASSOCIATES P.C.**
DOS Process:
333 WEST 33RD STREET
NEW YORK, NEW YORK, 10001
Principal Executive Office:
275 7TH AVE
NEW YORK, NEW YORK, 10001

Baker, McEvoy, Morrissey & Moskovits, P.C.
330 West 34th Street 7Th Fl
New York, NY 10001
Phone: (212) 857-8230

*Index No.* 18871         *Year* 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC PERKINS, AS CHAPTER 7 TRUSTEE OF THE ESTATE BANKRUPTCY OF JAE JUNG PARK,,

                                        Plaintiff,

        -against-

AMERICAN TRANSIT INSURANCE COMPANY, NORMAN VOLK & ASSOCIATES, P.C., BAKER, MCEVOY, MORRISSEY & MOSKOVITS, P.C., and RUSSO, KEANE & TONER, LLP.        ,

                        Defendants.

---

SUMMONS AND COMPLAINT

---

# LAW OFFICE OF ROBERT KAMINSKI, PLLC

*Attorney(s) for:*         **PLAINTIFF(S)**
350 FIFTH AVENUE #2310
NEW YORK, NEW YORK 10118
TEL: (212) 355-5886

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

| Dated: | July 23, 2010<br>New York, New York | *Signature*<br>*Printed Name:* | ..................................................<br>*ROBERT KAMINSKI, ESQ.* |
|---|---|---|---|

PLEASE TAKE NOTICE

☐ **NOTICE OF ENTRY**
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                20__

☐ **NOTICE OF SETTLEMENT**
*that an Order of which the within is a true copy will be presented for settlement to the Hon.         at*
*on         200__    , at        M.*

**ROBERT KAMINSKI, P.L.L.C.**
*Attorney(s) for:*         **PLAINTIFF(S)**
535 FIFTH AVENUE -19TH FLOOR
NEW YORK, NEW YORK 10017