USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-24-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC PERKINS, AS CHAPTER 7 TRUSTEE OF
ESTATE BANKRUPTCY OF JAE JUNG PARK,

                      Plaintiff,

**MEMORANDUM OPINION AND ORDER**

- against -

10 Civ. 5655 (CM) (RLE)

AMERICAN TRANSIT INSURANCE CO., et al.,

                      Defendants.

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

On July 26, 2010, Plaintiff Eric Perkins, as Chapter 7 Bankruptcy Trustee for the estate of Jae Jung Park, filed this negligence, legal malpractice, and breach of fiduciary duty action against Defendants American Transit Insurance Co; Norman Volk & Associates, P.C.; Baker, McEnvoy, Morrissey & Moskovitz, P.C.; and Russo Keane & Toner, L.L.P. Perkins seeks damages related to Defendants' failure to settle a personal injury lawsuit filed against their insured, Park. On June 17. 2011, Perkins filed a motion to quash Defendants' subpoena for the deposition of Perkins's attorney in this case, Robert Kaminski. On June 27, 2011, Defendant American Transit filed a cross-motion seeking to disqualify Kaminski as Perkins's counsel pursuant to Rule 3.7(a) and (b) of the New York Rules of Professional Conduct. For the reasons that follow, Perkins's motion to quash Defendants' subpoena is **DENIED** and Defendant American Transit's cross-motion to disqualify is **GRANTED**.

## II. BACKGROUND

On September 30, 2001, an automobile operated by Jae Jung Park ("Park") collided with an automobile which was operated by Edwin Moreira, and in which Maria Moreira was a passenger (collectively "the Moreiras"). (Compl., ¶ 16.) Park's vehicle was covered by an insurance policy issued by Defendant American Transit, with liability coverage of $100,000 per person and $300,000 per accident. (Compl. ¶ 12.) On May 17, 2002, the Moreiras filed suit against Park, with Kaminski as their counsel. On October 5, 2005, Kaminski sent a letter on behalf of the Moreiras to American Transit to place the company on notice that he intended to hold American Transit responsible "for damages in bad faith for [American Transit's] failure to make a fair and reasonable offer towards settlement of the case." (Bruno Aff., Ex. C.) In the letter, Kaminski extended a "final opportunity" for American Transit to settle the case within its policy limits.[1] (*Id.*) The case proceeded to trial, and a verdict was rendered in favor of the Moreiras. The verdict was subsequently reduced, and a judgment in the amount of $944,355 was entered on September 8, 2006.[2] (Compl. ¶¶ 22, 23.)

In April 2010, Park filed for bankruptcy, and the United States Bankruptcy Court for the District of New Jersey appointed Kaminski as Special Counsel for Perkins in this case. (Kaminski Aff., Ex. A.) On July 26, 2010, Kaminski filed the present complaint on behalf of Perkins, who is the Chapter 7 Trustee of Park's estate, asserting claims against American Transit of breach of duty to make reasonable efforts at settlement and breach of fiduciary duty. (Compl.

---

[1] The Parties dispute whether Kaminski demanded the case settle within American Transit's policy limits. Kaminski alleges that the settlement demand did not exceed the insurance policy limit. (Kaminski Reply ¶6 (citing to Kaminski Aff., Ex. C).) American Transit, however, has provided the testimony of Christopher Mehno, an attorney who represented American Transit at trial, and who alleges that the Moreiras' demand exceeded the policy limit. (Defs. Opp. Mem. of Law at 5.) American Transit argues that if Mehno's testimony is true, it defeats Plaintiff's bad faith claim. (*Id.* at 6.)

¶¶ 27-43.) Perkins also asserted breach of fiduciary duty and legal malpractice claims against the law firm Defendants. (Compl. ¶¶ 39-57). During discovery, American Transit served Kaminski with a subpoena for his deposition.

Perkins contends that the subpoena should be quashed pursuant to Rule 45(C)(3) of the Federal Rules of Civil Procedure. American Transit argues that Perkins's motion should be denied, and that Kaminski should be removed as Perkins's counsel pursuant to Rule 3.7(a) and (b) of the New York Rules of Professional Conduct.

### III. DISCUSSION

#### A. Perkins's Motion to Quash is Denied

Pursuant to Federal Rule of Civil Procedure 45(C)(3)(A), the court must squash a subpoena that "subjects a person to an undue burden." American Transit alleges that there is a need for Kaminski's testimony because (1) he "played an instrumental role" in settlement demands and negotiations in the prior trial; (2) there are no privilege or work product issues; and (3) discovery is ongoing. (Defs. Opp. Mem. of Law at 3.) They specifically allege that the settlement discussions that Kaminski had with Park's counsel "relate directly" to Plaintiff's claim of breach of duty to make reasonable efforts at settlement. (*Id.* at 4.) Perkins contends that Kaminski's testimony is "unnecessary and unduly burdensome" because (1) the extent of his knowledge of settlement discussion is already a matter of record; (2) the information Defendants seek is available through another witness, Michael Taub; and (3) it would be unduly burdensome to require Kaminski to appear as a witness because it would put him in the "unseemly and ineffective position" of arguing his own credibility. (Kaminski Aff. ¶¶ 8-10.)[2] Kaminski also

---

[2] In addition, Kaminski argues there was no excess insurance at the time of the incident. Further, he asserts Defendants' claim that they were confused as to who was the Moreiras' trial counsel is merely a red herring because Omrani & Taub were the attorneys of record. (Kaminski Reply ¶¶ 42-45.)

alleges that it would be prejudicial for Perkins to seek new counsel at this stage of the litigation. (Kaminski Aff. and Reply ("Kaminski Reply") ¶¶ 42-45.)

"The fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). The judicial officer overseeing discovery from attorneys, however, must consider "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.*

To establish bad faith in this case, Perkins must show that American Transit behaved in a way that displayed "conscious or knowing indifference to the probability that [Park] would be held personally accountable for a large judgment if a settlement offer within the policy limits were not accepted." *Pavia v. State Farm Mut. Auto Ins. Co.*, 82 N.Y.2d 445 (1993). Accordingly, whether American Transit rejected an offer within policy limits will be an essential fact in determining liability, and all discussions regarding settlement negotiations are relevant to this issue. Kaminski admits to playing a role in the settlement negotiations at trial and cites to correspondence wherein he offered to settle the case "within" American Transit's policy limits. (Kaminski Aff., Ex. C.) However, Christopher Mehno, who worked for the law firm that represented Park at trial, testified that based on conversations he had with Kaminski and Taub, he understood Kaminski's demand to be "well in excess" of the policy limits and did not believe

4

that either Kaminski or Taub was willing to settle within the policy limits. (*See* Bruno Aff., Ex. D. at 18-20.) Because there is conflicting testimony on the issue, there appears to be a "need to depose" Kaminski regarding his knowledge of settlement discussions. *In re Subpoena*, 350 F.3d at 72. Accordingly, Kaminski's motion to quash the subpoena is **DENIED**.

### B. American Transit's Cross-Motion to Disqualify Plaintiff's Counsel is GRANTED

Pursuant to Rule 3.7 of the New York Rules of Professional Conduct, a lawyer may not act as an advocate in a matter in which the lawyer "is likely to be a witness on a significant issue of fact." 22 N.Y.C.R.R. § 1200.29 (2009) American Transit argues Kaminski is a "necessary witness" on a "significant issue of fact" because Kaminski's role in settlement negotiations directly relates to Perkins' claim of American Transit's breach of contract and duty in failing to make reasonable efforts at settlement. (Def. Mot.'s 8) American Transit also claims Kaminski's settlement testimony may be prejudicial to Plaintiff Perkins because the testimony could effectively defeat Perkins's claim against American Transit for failure to make reasonable efforts at settlement.

Kaminski counters that the fact issues presented in this case, including the demands made in settlement negotiations, can be independently ascertained and verified. Kaminski argues his "bad faith letter" to Defendants the day before trial provides sufficient evidence to resolve the fact issues, including settlement discussions and the issue of whether Park had excess insurance coverage. (Kaminski Aff., Ex. C.) Finally, Kaminski argues that disqualification would result in prejudice to Plaintiff because Perkins would have to seek new counsel at this point in the litigation.

Rule 3.7 serves to avoid "a blurring of the line between argument and fact that would impair" the fact-finder's ability when a lawyer acts as both an advocate and a witness in a matter. *Air Italy v. Aviation Technologies, Inc.*, 2011 WL 96682 (E.D.N.Y.) Further, a lawyer is prohibited from acting as an advocate when testimony may be prejudicial to the lawyer's own client. *Id.* Here, communications related to settlement are significant facts related to the issue of whether American Transit made "reasonable efforts" at settlement. Further, the conflicting issues regarding settlement demands necessitates Kaminski's testimony on the matter, thus making him a likely witness on a significant issue of fact. Finally, there is substantial possibility of prejudice against Plaintiff Perkins as a result of Kaminski's testimony on settlement. The danger of this prejudice outweighs any practical inconveniences resulting from disqualification of counsel. As such, American Transit's cross-motion to disqualify Kaminski is **GRANTED**.

**SO ORDERED this 24th day of October 2011**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**